GEORGE T. WILLSON and Another, Appellants, *v.* SARAH E. UNDERHILL, Respondent.

*Recovery for goods sold and delivered — evidence insufficient to establish an agency.*

Upon the trial of an action, brought to recover the value of goods sold and delivered, it was sought to charge the defendant on the ground that her husband acted as her agent in purchasing the goods in question, which it was alleged were purchased for her use and benefit.

The only evidence given to establish the fact that the wife was the real principal, was proof that she had at all times been the owner of the farm on which her husband carried on his business of farming, for use in which business such goods were purchased, and that after the plaintiffs' claim accrued she conveyed the farm and the personal property upon it.

*Held,* that the evidence was insufficient to justify the submission to the jury of the question of the husband's agency.

APPEAL by the plaintiffs, George T. Willson and another, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Dutchess on the 9th day of October, 1893, upon the dismissal of the complaint directed by the court after a trial before the court and a jury at the Dutchess Circuit, and also from an order made at the Orange Special Term and entered in the Dutchess county clerk's office on the 2d day of July, 1894, denying the plaintiffs' motion for a new trial, made upon a case and exceptions as settled, upon the exceptions taken upon the trial and because of newly-discovered evidence and surprise.

*A. M. & G. Card,* for the appellants.

*Hackett & Williams,* for the respondent.

CULLEN, J.:

This is an appeal from a judgment for the defendant entered upon a nonsuit at Circuit. There is also an appeal from an order denying plaintiffs' motion for a new trial on newly-discovered evidence.

The action is to recover for goods sold and delivered. There is no dispute as to the sale or the value of the goods sold. It is conceded that the sale was made to the husband of the defendant, and that the credit was extended to him. The only ground upon which the defendant can be held liable is that in fact the husband was the agent of the defendant, and that the goods sold were for her use and benefit. The defendant's husband carried on the business of farming, and the goods purchased were for use in that business. He received the profits and earnings of the business, and paid its expenses, the plaintiffs dealing with him for nearly twenty years. The only evidence to establish the fact that the wife was the real principal was proof that she had at all times been the owner of the farm, and that after plaintiffs' claim accrued she conveyed the farm and personal property on it. We think this evidence was insufficient to justify the submission to the jury of the question of the husband's agency, nor did the facts disclosed in the affidavits made on the motion for a new trial supply the defect.

The judgment and order denying motion for a new trial appealed from should be affirmed, with costs.

DYKMAN, J., concurred; BROWN, P. J., not sitting.

Judgment and order affirmed, with costs.